UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRUNKLINE GAS CO L L C** | **CASE NO. 2:24-CV-01343** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ELIZABETH HYMES BEISSEL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court are a Motion to Confirm Condemnation of Servitudes and Motion for Preliminary Injunction [doc. 5] filed by plaintiff Trunkline Gas Company LLC ("Trunkline"). The motions are regarded as unopposed.

### I.
#### BACKGROUND

Trunkline is a natural gas company that owns and operates pipelines and a valve site (collectively, the "Pipeline") across a portion of defendant's property in Calcasieu Parish, Louisiana pursuant to a lease that will soon expire. Doc. 1, ¶¶ 7–8. It is authorized to conduct these activities through two Certificates of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.* Doc. 1, att. 4. The FERC certificates allow Trunkline Gas to conduct many routine activities without further authorization from FERC, including the operation of facilities necessary to transport natural gas in interstate commerce. *Id.*; *see* 18 C.F.R. §§ 157.203(a)–(b), 208(a).

In addition to FERC, the Pipeline is also subject to regulation under the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). *See* 49 C.F.R. § 192.1 *et seq.* To this end Trunkline maintains that it must continue operation of surface site facilities on defendant's property in order to meet the rigorous standards of pipeline safety. Accordingly, Trunkline must continue its operation of the surface site facilities on this property and use the related power poles and access roads to reach same to continue its delivery of natural gas and ensure safe operation of the Pipeline.

In order to perform this work, Trunkline maintains that it requires (1) a perpetual, exclusive servitude for the maintenance, operation, and use of a pipeline surface site facility ("Surface Site Servitude"); (2) a perpetual, non-exclusive servitude for the maintenance, operation, and use of an access road to the area encumbered by the proposed Surface Site Servitude ("Access Servitude"); and (3) a perpetual, non-exclusive servitude for the maintenance, operation, and use of power poles servicing the area encumbered by the proposed Surface Site Servitude ("Power Pole Servitude") (collectively, the "Servitudes"). It also asserts that it has attempted to negotiate with the defendant but has been unable to obtain these rights by contract and that the amount claimed by the owner exceeds $3,000.[1] It therefore brings this land condemnation act under the Natural Gas Act, 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. Doc. 1. Defendant was served in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(A), and failed to provide an

---

[1] This amount is necessary to confirm jurisdiction under § 7h of the Natural Gas Act. *E.g.*, *Columbia Gulf Transmission, LLC v. 14.226 Acres More or Less, in Lafourche Parish*, 2023 WL 7112828, at *2 (E.D. La. Oct. 27, 2023) (citing 15 U.S.C. § 717f(h)).

answer within 21 days as required under Rule 71.1(e). *See* doc. 11 (affidavit of delivery). Accordingly, the suit and the instant motions are regarded as unopposed.

## II.
### LAW & APPLICATION

Trunkline claims a legal right to condemn the subject property pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717 *et seq.* The relevant provision states:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition for the right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State Courts . . . .

*Id.* at § 717f(h). The movant must show the following to obtain a condemnation order: (1) it is the holder of a FERC Certificate of Public Convenience and Necessity for the project; (2) the land in question is necessary to the operation of the pipeline; and (3) it cannot acquire the land by contract, or is unable to reach an agreement with the owner as to price. *Nat. Gas Pipeline Co. of Am., LLC v. Tract No. TX-WA-009.050, 1.22 Acres of Land More or Less*, 2020 WL 3579714, at *3 (W.D. Tex. Apr. 8, 2020) (citing 15 U.S.C. § 717f(h)).

Trunkline has satisfied the elements of its claim through this uncontested motion, showing that it is the holder of FERC certificates authorizing the Pipeline and that the requested servitudes (shown on the maps attached to its motion) are necessary for its operation. *See* doc. 5, atts. 2 & 3. On the third element, Trunkline supplemented its motion to show that an independent appraisal was made of the property in September 2024 and

that the rights sought for condemnation were valued at $7,340.00. *See* doc. 15, att. 1. Trunkline shared the appraisal and made an offer to defendant, who was represented by counsel, of $50,000.00. Doc. 15, atts. 2–4. Trunkline's counsel also engaged in multiple teleconferences and emails with defendant's counsel but has been unable to reach an agreement. *See* doc. 15, att. 2. Accordingly, Trunkline satisfies the final element and is entitled to condemnation.

    Once a court determines that a gas company has the substantive right to condemn property under the NGA, it may exercise equitable power to grant the remedy of immediate possession through a preliminary injunction. *East Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004). To this end the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) the grant of an injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006). Trunkline satisfies all four criteria in this uncontested motion. It has already prevailed on the merits of its condemnation claim. It also shows the substantial likelihood of irreparable injury to itself, its customers, and the public if the injunction is not granted. Specifically, the servitudes are required for inspection and maintenance of a pipeline already in operation. Continued access to the site is required to ensure safe, reliable delivery of natural gas to the public. Meanwhile, defendant has not come forward since this matter was filed to oppose the condemnation and so the risk of harm in granting the injunction seems minimal. Additionally, Trunkline has already agreed to compensate defendant by "deposit[ing] into

the registry of the court an amount that represents the sum of the last offer made to" defendant. Doc. 1, ¶ 23. No party has identified any public interest factors at risk in granting the injunction. Finally, FERC has already found that operation of the Pipeline serves the best interest of the public. Accordingly, Trunkline has shown that the servitudes must be condemned under the NGA and is entitled to a preliminary injunction for immediate access.

## IV.
### CONCLUSION

For the reasons stated above, the Motion to Confirm Condemnation of Servitudes and Motion for Preliminary Injunction [doc. 5] will be **GRANTED**. The court will set a deadline for a summary judgment motion to be filed addressing defendant's compensation.

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2024.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE